IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terracon Consultants, Inc., | C/A No.: 2:19-cv-00396-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Insight Group, LLC, Ryan Keiper, William Christopher, Jr., Jason Hatch, Kylie Page, Bryan Shiver, Jeremy Crady, and Matt Silveston, | |
| Defendants, | |
| *and* | |
| Insight Group, LLC and William Christopher, Jr., Kylie Page, and Bryan Shiver, | |
| Counterclaimants, | |
| v. | |
| Terracon Consultants, Inc., TT Companies, Inc. and Robert Pavlicek, | |
| Counterclaim Defendants. | |

This matter is before the Court upon Plaintiff's motion to strike or dismiss counterclaims of Defendants Kylie Page and Bryan Shiver. (Dkt. Nos. 58; 79.) For the reasons set forth below, Plaintiff's motions are granted.

I. **Background**

Terracon Consultants, Inc. ("Terracon") alleges that Defendants are former employees of Terracon and used Terracon's resources, processes, systems, and tools to create a firm in the same

engineering services market that allegedly competes with and diverts business from Terracon. (Dkt. No. 41 at ¶¶ 1, 3, 8, 9, 24.) Terracon's amended complaint asserts causes of action for: (1) violation of the Defend Trade Secrets Act 18 U.S.C. § 1839 *et seq.*; (2) violation of the South Carolina Trade Secrets Act, S.C. Code Ann. §§ 39-8-10 *et seq*; (3) conversion/trespass to chattels; (4) quantum meruit/unjust enrichment; (5) breach of fiduciary duty; (6) aiding and abetting a breach of fiduciary duty; (7) civil conspiracy; and (8) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Dkt. No. 41.) Multiple defendants filed answers asserting counterclaims against Terracon and TT Companies, Inc. ("TT").

Defendant Kylie Page ("Page") asserts counterclaims for: (1) civil sanctions pursuant to S.C. Code Ann. § 15-36-10; (2) tortious interference with contract against Terracon; (3) interference with prospective contractual relations against Terracon; (4) injunctive relief against TT; and (5) breach of promissory note against TT. (Dkt. No. 48.) Defendant Bryan Shiver ("Shiver") asserts a first counterclaim against Terracon; (2) injunctive relief against TT; and (3) breach of promissory note against TT.[1] (Dkt. No. 69.) Terracon filed a partial motion to strike or dismiss Page's third, fourth, and fifth counterclaims. (Dkt. No. 58.) Page filed a response in opposition (Dkt. No. 77) and Terracon filed a reply. (Dkt. No. 85.) Terracon filed a partial motion to strike Shiver's second and third counterclaims. (Dkt. No. 79.)

II. <u>Legal Standard</u>

A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests

---

[1] Shiver's first counterclaim states "For a First Counterclaim" against Terracon, but it does not provide a label for the cause of action. (Dkt. No. 69 at ¶¶ 59–69.)

2

surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Motion to Strike Pursuant to Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike class allegations "ask[s], in other words, that the Court preemptively terminate the class aspects of this litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification. Defendants' contention is, in effect, that there is no set of facts plaintiffs could adduce under which they could

3

meet the requirements for class certification of Rule 23[.]" *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991). "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." *Gibson v. Confie Ins. Grp. Holdings, Inc.*, No. 2:16-cv-02872-DCN, 2017 WL 2936219, at *12 (D.S.C. July 10, 2017). "[S]uch motions are to be granted infrequently" and are reviewed for abuse of discretion: "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 Fed. Appx. 239, 246-47 (4th Cir. 2007) (quoting *Seay v. TVA*, 339 F.3d 454, 480 (6th Cir. 2003)).

### III. Discussion

#### A. Defendant Kylie Page's Counterclaims

Terracon seeks to strike or dismiss Defendant Page's third, fourth, and fifth counterclaims. (Dkt. No. 58 at 3–5.) Page's third counterclaim for interference with prospective contractual relations against Terracon fails to state a claim upon which relief can be granted because it is based on the breach of an existing contract. To recover on a cause of action for intentional interference with prospective contractual relations a plaintiff must prove: (1) defendant intentionally interfered with the plaintiff's potential contractual relations; (2) for an improper purpose or by improper methods; (3) causing injury to the plaintiff. *Egrets Pointe Townhouses Prop. Owners Ass'n, Inc. v. Fairfield Communities, Inc.*, 870 F. Supp. 110, 115–16 (D.S.C. 1994) (citing *Crandall Corp. v. Navistar Int'l Transp. Corp.*, 395 S.E.2d 179, 180 (S.C. 1990)). *Crandall* and other authority discussing this tort usually require the aggrieved party to have been unsuccessful in acquiring an expected contract due to a third party's intentional and wrongful actions. *See Crandall*, 395 S.E.2d at 180–81. When there is already a valid contract in existence there can be no claim for interference with prospective contractual relations. *Egrets Pointe*, 870 F. Supp. at 116 (holding that because

4

there was a valid contract in existence between Southern and the Association at the inception of the lawsuit, the existence of that contract precluded any recovery on a claim for interference with prospective contractual relations.)

In this case, Page bases her claim for interference with prospective contractual relations on an existing contract in the form of a promissory note between herself and TT. Page alleges that when she left Terracon's employment, her TT stock was required to be repurchased pursuant to a Stock Purchase Agreement. (Dkt. No. 48 at ¶ 63.) According to this agreement, a promissory note was executed between Page and TT which provided that TT would make five payments to Page over the course of five years. (*Id.*) Page alleges Terracon has and will continue to interfere with her contractual relationship with TT by procuring TT's withholding of payments owed to her under the promissory note. (*Id.* at ¶¶ 63–78.) Page does not allege that she was unsuccessful in attempting to acquire an expected contract. As Page's claim asserts there is a valid contract in existence between herself and TT, her claim against Terracon for interference with prospective contractual relations fails to state a claim upon which relief may be granted.

Page's fourth and fifth counterclaims for injunctive relief and breach of promissory note are asserted against TT. Page's attempt to add TT as a counterclaim defendant in this matter by asserting counterclaims against TT is not proper under the Federal Rules of Civil Procedure. Rule 13(h) is a mechanism that allows a defendant to name new parties to a counterclaim under Rule 19 or 20. Fed. R. Civ. P. 13(h). The addition of a person as a party to a counterclaim is appropriate when a defendant properly asserts the same counterclaim against the plaintiff. *Wired Fox Techs., Inc. v. Estep*, No. 6:15-CV-331-BHH, 2015 WL 13791844, at *7 (D.S.C. Sept. 21, 2015). However, "a counterclaim . . . may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party." *Id.* (internal citations omitted). Page's counterclaims against TT for injunctive relief and breach of promissory note are

5

asserted solely against TT as a new party and are improper. As such, Page's fourth and fifth counterclaims against TT are dismissed.

### B. Defendant Bryan Shiver's Counterclaims

Terracon seeks to strike or dismiss Defendant Shiver's second and third counterclaims against TT for injunctive relief and breach of promissory note.[2] (Dkt. No. 79 at 3–5.) Shiver's attempt to add TT as a counterclaim defendant in this matter by asserting counterclaims against TT is not proper under the Federal Rules of Civil Procedure. "A counterclaim . . . may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *Wired Fox Techs., Inc.*, No. 6:15-CV-331-BHH, 2015 WL 13791844, at *7. Shiver's counterclaims against TT for injunctive relief and breach of promissory note are asserted solely against TT as a new party and are improper. As such, Shiver's second and third counterclaims against TT are dismissed.

In summary, Page's third counterclaim for interference with prospective contractual relations is dismissed. In addition, Page's fourth and fifth counterclaims for injunctive relief and breach of promissory note are dismissed. Shiver's second and third counterclaims for injunctive relief and breach of promissory note are dismissed.

### IV. Conclusion

For the foregoing reason, Terracon's partial motion to strike or dismiss Defendant Page's third, fourth, and fifth counterclaims is **GRANTED.** (Dkt. No. 58.) In addition, Terracon's partial motion to strike or dismiss Defendant Shiver's second and third counterclaims is **GRANTED.** (Dkt. No. 79.)

**AND IT IS SO ORDERED.**

---

[2] Shiver did not file a response to this motion, but the Court reviews Terracon's arguments on the merits.

6

_____
Richard Mark Gergel
United States District Court Judge

February 10, 2020
Charleston, South Carolina